THOMAS M. MANNIX, as Parent and Natural Guardian of ANN F. MANNIX and Others, Infants, et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 48399.) — Appeal from a judgment of the Court of Claims awarding respondents $125,264.40, plus interest, in damages for injuries sustained in an automobile accident allegedly due to the State's negligence in designing and signing a highway on Route 9 near Fishkill, Dutchess County. On an overcast and rainy May 6, 1967 respondents were proceeding south on Route 9 when they came upon a construction detour where new Route 9 met old Route 9. As they approached the accident scene,

the road went down to the left and suddenly made a sharp right angle turn and they encountered the following warning signs: 10 M.P.H.; right angle curve; two-way traffic ahead; and a multiple curve sign. Additionally there was on the opposite side of the curve a large directional arrow and the curve was lined with flare pots which were in place and functioning. The respondent driver testified that at this time he was traveling between 10 and 15 MPH. and applying his brakes when suddenly a bus appeared in front of him. He estimated that the bus was 50 to 100 feet away when he first saw it approaching from the opposite direction. He then hit his brakes hard, but was unable to stop before hitting the bus. There was no testimony that respondents' automobile skidded, but it crossed the double yellow dividing lines into the oncoming lane striking the left front of the bus proceeding in the opposite lane. The car came to rest one half to two thirds in the opposite lane and the bus was four to five feet off the road on the shoulder, apparently having knocked over some flare pots and a sign attempting to avoid the collision. The State urges that it was not negligent in the design and signing of the detour where the accident occurred and the record fully supports this contention (Williams v. State of New York, 34 A D 2d 607; Tely v. State of New York, 33 A D 2d 1061). We find no negligence established in the designing or signing of the detour. Rather the only clear conclusion that can be made from the instant record is that the accident was due solely to the negligence of the respondent operator. Although visibility was diminished, he concededly saw and understood all the signs and immediately saw the bus as it first appeared in the opposite lane and yet while his testimony indicates that he was proceeding around a curve ball bank tested for a "wet" speed of 15 M.P.H. at only 10 M.P.H. when he saw the bus 50 to 100 feet away, he was unable to avoid continuing into the oncoming lane striking the bus despite the fact that it is generally accepted that an average stopping distance is approximately 18 feet for a vehicle which is proceeding at a speed of 10 miles an hour and his testimony was that he already had his foot on the brake. The inescapable conclusion is that if the respondent operator had followed the warnings on the signs that he saw and recognized he should have avoided the accident. We do not need to reach the alleged errors in the receipt and refusal to receive certain evidence as set forth by appellant. Accordingly, the judgment should be reversed and the claim dismissed. Judgment reversed, on the law and the facts, and claim dismissed, without costs. Reynolds, J. P., Aulisi, Staley, Jr., Sweeney and Simons, JJ., concur.